An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARIN S. ROBBINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60844

**FILED**

JUN 1 3 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary while in possession of a weapon, conspiracy to commit robbery, first-degree kidnapping with the use of a deadly weapon, and robbery with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

First, appellant Darin Robbins argues that the district court abused its discretion by failing to provide an adequate remedy when the State introduced into evidence photographs that he asserts were not turned over in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and NRS 174.235. We review a district court's resolution of a *Brady* claim de novo, *Mazzan v. Warden*, 116 Nev. 48, 66, 993 P.2d 25, 36 (2000), and a district court's enforcement of discovery rules for an abuse of discretion. *Evans v. State*, 117 Nev. 609, 638, 28 P.3d 498, 518 (2001). The district court concluded that *Brady* was not violated because the State provided the photographs to Robbins' prior counsel. Because the district court's determination that the photographs were made available to the defense is supported by substantial evidence, *see Jones v. State*, 113 Nev. 454, 470, 937 P.2d 55, 65 (1997), and Robbins fails to demonstrate that he was prejudiced by the district court's failure to exclude the photographs or

13-17476

grant a continuance, *see Evans*, 117 Nev. at 638, 28 P.3d at 518 (the district court does not abuse its discretion "absent a showing that the State acted in bad faith or that the nondisclosure caused substantial prejudice to the defendant"), we conclude that these claims lack merit.

Second, Robbins argues that his conviction for first-degree kidnapping with the use of a deadly weapon cannot stand because it was incidental to the underlying robbery. We disagree. The jury heard evidence that either Robbins or his accomplice attacked the victim with a crowbar, shocked him with a taser, and bound his wrists with an electrical cord. The victim was held down and beaten further by one of the suspects while the other removed goods from the home. After the victim told the suspects where his wallet was, either Robbins or his accomplice forced the victim upstairs—away from the open front door—and stated that he was going kill him. The jury was properly instructed pursuant to *Mendoza v. State*, 122 Nev. 267, 275-76, 130 P.3d 176, 181 (2006), and we conclude that a rational juror could have found that the kidnapping was not incidental to the robbery, *see Langford v. State*, 95 Nev. 631, 638-39, 600 P.2d 231, 236-37 (1979) (where adequately instructed, the question of whether the movement of the victim is incidental to the robbery is "to be determined by the jury in all but the clearest cases").

Third, relying on NRS 50.075, Robbins argues that the district court abused its discretion by restricting him from cross-examining the Las Vegas Metropolitan Police Department's Forensic Laboratory technician who performed the DNA testing in this case regarding mistakes and malfeasance committed by other lab technicians. "The decision to admit or exclude evidence rests within the trial court's discretion, and this court will not overturn that decision absent manifest error." *Collman v.*

*State*, 116 Nev. 687, 702, 7 P.3d 426, 436 (2000). Here, the district court prohibited this line of questioning because the witness had no personal knowledge of the specific instances of mistakes and malfeasance committed by other technicians, but allowed the defense to cross-examine her regarding the potential for human error generally. We conclude that the district court did not abuse its discretion. *See* NRS 50.025(1)(a).

Having considered Robbins' contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

CHERRY, J., concurring:

I concur in the result.

_____, J.
Cherry

cc:   Hon. Carolyn Ellsworth, District Judge
The Law Office of Dan M. Winder, P.C.
Mario D. Valencia
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk